[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 19, 2006
THOMAS K. KAHN
CLERK

No. 05-15606
Non-Argument Calendar
_____

D. C. Docket No. 05-00059-CR-WS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JENNIFER LYNNE WEEKLEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(June 19, 2006)**

Before TJOFLAT, DUBINA and PRYOR, Circuit Judges.

PER CURIAM:

Appellant Jennifer Lynne Weekley appeals her conviction for misprision of

a felony, arising from a bank robbery, in violation of 18 U.S.C. § 4. On appeal, Weekley argues that the district court erred in denying her motion to dismiss the indictment because she could have been held accountable for the underlying felony as a principal or accessory after the fact, and asserts that the charge should have been dismissed because her failure to make known information regarding the bank robbery was an exercise of her Fifth Amendment privilege.

We review a district court's denial of a motion to dismiss an indictment for an abuse of discretion. *United States v. Pielago*, 135 F.3d 703, 707 (11th Cir. 1998). According to 18 U.S.C. § 4, which addresses misprision of a felony:

> Whoever, having knowledge of the actual commission of a felony cognizable by a court of the United States, conceals and does not as soon as possible make known the same to some judge or other person in civil or military authority under the United States, shall be fined under this title or imprisoned not more than three years, or both.

"Misprision of a felony requires both knowledge of a crime and some affirmative act of concealment or participation. . . . [M]ere failure to report a known felony would not violate 18 U.S.C. § 4." *Itani v. Ashcroft*, 298 F.3d 1213, 1216 (11th Cir. 2002) (quotation omitted).

The Fifth Amendment to the United States Constitution provides that "no person . . . shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. We have held that "[t]o assert this privilege against

2

self-incrimination . . . a witness' fear of conviction on the basis of his testimony must be reasonable, real, and appreciable." *United States v. Gecas*, 120 F.3d 1419, 1424 (11th Cir. 1997) (en banc). "[N]either the text nor the spirit of the Fifth Amendment confers a privilege to lie. Proper invocation of the Fifth Amendment privilege against compulsory self-incrimination allows a witness to remain silent, but not to swear falsely." *Brogan v. United States*, 522 U.S. 398, 404, 118 S. Ct. 805, 810, 139 L. Ed. 2d 830 (1998) (quotation omitted). This is true regardless of whether such statements are under oath. *United States v. Veal*, 153 F.3d 1233, 1241 (11th Cir. 1998).

In the instant appeal, the record demonstrates that Weekley made false statements to a law enforcement officer concerning the bank robbery at issue. We conclude that the district court applied the correct legal standard in determining that Weekley could not use the Fifth Amendment to shield a false statement to a law enforcement officer, and thus defend herself from prosecution for misprision of a felony. Accordingly, the district court did not abuse its discretion in denying Weekley's motion to dismiss the indictment, and we affirm its order and Weekley's conviction.

**AFFIRMED.**